ORIGINAL

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUN 26  AM 9: 59

DEPUTY CLERK _aaa_

| | | |
|---|---|---|
| FLORA ZARATE, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | **3-13CV-2437D** |
| NICHOLAS CONDER; | § | |
| BATTEN & SHAW, INC., | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

<u>**DEFENDANTS NICHOLAS CONDER AND BATTEN & SHAW, INC.'S**</u>

<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW NICHOLAS CONDER AND BATTEN & SHAW, INC.,

Defendants in the above entitled and numbered cause and files this notice of removal under

28 U.S.C. §1446(a).

A.  Introduction

1.  Plaintiff is Flora Zarate, a resident of Dallas, Dallas County, Texas, who appears

by and through David S. Kohm and John M. Groce, Jr. of David S. Kohm & Associates.

2.  On May 24, 2013, Plaintiff sued Defendants over a motor vehicle accident.  The

suit was filed in the 192nd District Court of Dallas County, Texas.

3.  Defendant NICHOLAS CONDOR was served with the suit on or about May 30,

2013.  Defendant files this notice of removal within the 30-day time period required by 28

U.S.C. §1446(b).

4.   Defendant BATTEN & SHAW, INC. was served with the suit on or about May 31, 2013.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## B.  Basis for Removal

5.   Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).  Plaintiff is a citizen of Dallas, Dallas County, Texas.  Defendant, Nicholas Condor is a citizen of Parker, Douglas County, Colorado.  Defendant Batten & Shaw, Inc. is a corporation incorporated in the State of Tennessee and authorized to do business in the State of Texas.  The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees.  28 U.S.C. §1332(a).  Even though the Plaintiff did not claim specific damages, on its face the damages exceed the jurisdictional limits as the plaintiff is alleging physical injuries, physical in nature.  Therefore, due the severity alleged by the plaintiff, the damages incurred by the plaintiff, must exceed the jurisdictional amount in controversy of this court unless plaintiff states otherwise.

6.   All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

7.   Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

8.   Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C. Jury Demand

9.  Plaintiff *did not* demand a jury in the state court action.

### D. Conclusion

10. This Court has the proper jurisdiction on this matter as there is a complete diversity of the parties and the amount in controversy exceeds controversy exceeds $75,000, excluding interest, costs, and attorney fees.   For these reasons, Defendants NICHOLAS CONDOR and BATTEN & SHAW, INC. ask the Court to remove the action to this federal court.

Respectfully submitted,

DAVID KLOSTERBOER & ASSOCIATES

Vionette D. Delgado
Texas Bar No. 24012546
1301 E. Collins Blvd., Suite 490/LB11
Richardson, TX  75081
(214) 570-6300 Main
(214) 570-6296 Direct
(214) 570-6262 Fax
vdelgado@travelers.com

## CERTIFICATE OF SERVICE

This is to certify that, on this the 26th day of June, 2013, a true and correct copy

of the foregoing document was forwarded to all counsel of record as follows:

David S. Kohm          ____   Hand Delivery
John M. Groce, Jr.        _xx_   Facsimile
David S. Kohm & Associates     ____   Certified Mail, Return Receipt Requested
1414 W. Randol Mill Road, Suite 118    ____   Receipted Commercial Delivery
Arlington, Texas 76012        ____   Regular U.S. Mail
*Facsimile 817-861-8900*

*Attorney for Plaintiff,*
*Flora Zarate*

_____
Vionette D. Delgado

CAUSE NO. DC-13-05741

| | | |
|---|---|---|
| FLORA ZARATE, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 192ND JUDICIAL DISTRICT |
| | § | |
| NICHOLAS CONDER AND BATTEN | § | |
| & SHAW, INC., | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## STATE COURT ACTION DOCUMENT INDEX

1.  State Court Action Docket Sheet – Register of Actions

2.  Plaintiff's Original Petition and Plaintiff's Request for Disclosure to Defendants, Plaintiff's First Requests for Production to Defendant, Plaintiff's Interrogatories to Defendants - filed on 5/24/2013

3.  Issue Citation for Nicholas Condor and Batten & Shaw, Inc. – filed on 5/24/2013

4.  Civil Case Information Sheet – filed on 5/24/2013

5.  Executed Citation – Defendant Nicholas Conder –filed on 5/28/2013; served on 5/30/2013; returned on 6/11/2013

6.  Executed Citation - Defendant Batten & Shaw, Inc. – filed on 5/28/2013; served on 5/31/2013; returned on 6/11/2013

7.  Defendants' Original Answer – General Denial – E-filed on 6/14/2013

8.  Court's Mediation Order – filed on June 19, 2013

9.  Court's Pre-Trial Order – filed on June 19, 2013

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine   Location : All District Civil Courts   Images Help
Search  Back

## REGISTER OF ACTIONS
### CASE NO. DC-13-05741

| | |
|---|---|
| FLORA ZARATE vs. NICHOLAS CONDER, et al | § § § § § |

Case Type: **MOTOR VEHICLE ACCIDENT**
Date Filed: **05/24/2013**
Location: **192nd District Court**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **BATTEN & SHAW INC** | **VIONETTE D DELGADO** *Retained* 214-570-6300(W) |
| **DEFENDANT** | **CONDER, NICHOLAS** | **VIONETTE D DELGADO** *Retained* 214-570-6300(W) |
| **PLAINTIFF** | **ZARATE, FLORA** | **DAVID S KOHM** *Retained* 817-861-8400(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/24/2013 | ORIGINAL PETITION (OCA) |
| 05/24/2013 | ISSUE CITATION |
| 05/24/2013 | CASE FILING COVER SHEET |
| 05/28/2013 | CITATION |

    *EL/ATTY*

| | Served | Returned |
|---|---|---|
| CONDER, NICHOLAS | 05/30/2013 | 06/11/2013 |
| BATTEN & SHAW INC | 05/31/2013 | 06/11/2013 |

| | |
|---|---|
| 06/14/2013 | ORIGINAL ANSWER - GENERAL DENIAL |
| 06/19/2013 | ORDER - MEDIATION |
| | Vol./Book 471K, Page 962,  2 pages |
| 06/19/2013 | ORDER - PRETRIAL |
| | Vol./Book 471K, Page 971,  1 pages |
| 06/02/2014 | Non Jury Trial  (9:00 AM) (Judicial Officer SMITH, CRAIG) |

---

### FINANCIAL INFORMATION

**PLAINTIFF ZARATE, FLORA**
Total Financial Assessment     268.00
Total Payments and Credits     268.00
**Balance Due as of 06/25/2013**     **0.00**

| | | | | |
|---|---|---|---|---|
| 05/24/2013 | Transaction Assessment | | | 252.00 |
| 05/24/2013 | Transaction Assessment | | | 16.00 |
| 05/24/2013 | PAYMENT (CASE FEES) | Receipt # 29671-2013-DCLK | KOHM, DAVID S | (268.00) |


NO. _____

| | | |
|---|---|---|
| FLORA ZARATE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | GARY FITZSIMMONS |
| V. | § | DISTRICT CLERK |
| | § | DALLAS CO., TEXAS |
| NICHOLAS CONDER; | § | DALLAS COUNTY, TEXAS |
| BATTEN & SHAW, INC. | § | |
| | § | K-192nd |
| Defendants. | § | _____ JUDICIAL DISTRICT |

FILED

2013 MAY 24 AM 10:

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS

DEPUT

## PLAINTIFF'S ORIGINAL PETITION AND
## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS
## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Flora Zarate, (hereinafter called "Plaintiff"), complaining of and about

Nicholas Conder and Batten & Shaw, Inc., Defendants, (hereinafter called "Defendants"), and for

cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Texas Rule of Civil Procedures Rule 47, Plaintiff seeks monetary

relief over $100,000 but not more then $200,000.  Therefore, Plaintiff intends that discovery be

conducted under Discovery Level 2.  Accordingly Plaintiff's Request for Disclosure to

Defendants, Plaintiff's Interrogatories to Defendants, and Plaintiff's Request for Production to

Defendants are attached.

## PARTIES AND SERVICE

2.      Plaintiff Flora Zarate is an individual who resides in Dallas County, Texas. Plaintiff Flora Zarate' last three digits of her social security number is 227. The last three digits of her Texas driver's license number is 111.

3.      Defendant Nicholas Conder is a resident of the State of Colorado and may be served with process at 8831 Apache Plume Drive, Parker, Colorado, 80134, Pursuant to Section 17.062 of the Texas Civil Practices and Remedies Code, the Chair of the Texas Transportation Commission, Ted Houghton, is an agent of process for Defendant Nicholas Conder because this suit arises from a collision in which Defendant Nicholas Conder was operating a motor vehicle on the public roads of the State of Texas.

4.      Defendant Batten & Shaw, Inc., is foreign corporation organized and existing under the laws of the State of Texas. Plaintiff is suing Batten & Shaw, Inc., in it's common name pursuant to Texas Rules of Civil Procedure 28. Batten & Shaw, Inc. may be served with process, via private process on it's registered agent Corporation Service company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Venue in Dallas County is proper because that is where the accident occurred.

## MISNOMER/ALTER-EGO

8.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## FACTS

9.      On or about August 31, 2011 Plaintiff Flora Zarate was driving a vehicle southbound on Preston Road, Dallas, Dallas County, Texas. Defendant Nicholas Conder, while in the scope of employment of Defendant Batten & Shaw, Inc., was driving a vehicle owned by Defendant Batten & Shaw, Inc., and was driving a vehicle behind Plaintiff. Plaintiff was stopped at a red light when Defendant Nicholas Conder, who had been drinking alcohol, and was driving without a valid driver's license, failed to control his speed and pay proper attention, failed to timely apply his brakes, and collided into the rear of Plaintiff's vehicle. Defendants' negligence was the sole and proximate cause of the accident subject of this suit and Plaintiff's damages.

## PLAINTIFF'S CLAIMS OF NEGLIGENCE
## AGAINST NICHOLAS CONDER

10.      Defendant Nicholas Conder had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11.      Plaintiff's injuries were proximately caused by said Defendant's negligent, careless and reckless disregard of said duty.

12.      The negligent, careless and reckless disregard of duty of said Defendant consisted of, but is not limited to, the following acts and omissions:

     A.      In that said Defendant failed to take proper evasive action;

     B.      In that said Defendant failed to keep such distance away from other motor vehicles on the roadway as a person using ordinary prudent care would have done;



C.    In that said Defendant failed to control his vehicle as an ordinary person would have done in this circumstance so as to avoid colliding into other vehicles on the roadway;

D.    In that said Defendant failed to control his speed and pay proper attention;

E.    In that said Defendant was driving a vehicle without a valid driver's license;

F.    In that said Defendant was operating a vehicle while intoxicated and/or was under the influence of alcohol or a controlled substance; and

F.    In that said Defendant failed to timely apply his brakes.

## NEGLIGENCE PER SE

13.    At the time of the incident in question, and immediately prior thereto, Defendant had a duty to comply with that standard of care set forth by Texas Penal Code §49.04. Plaintiff would show that the conduct of Defendant constitutes a violation of Sections 49.07 and 49.08 of the Texas Penal Code. The conduct of Defendant also violated various provisions of the Texas Transportation Code including, but not limited to, the following: §545.401(a), and Defendant failed to exercise the mandatory standard of care in violation of Transportation Code, Sections 545.401(a) and the Texas Penal Code Sections 49.04(a) and 49.07 pursuant to the doctrine of *negligence per se*, which mandates that:

§545.401(a)    A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

§49.04(a)    A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

§49.07    A person commits an offense if the person, by accident or mistake while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

## PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE
## AGAINST DEFENDANT NICHOLAS CONDER

14.     Plaintiff also claims that Defendant, Nicholas Conder is guilty of gross

negligence and/or malice pursuant to Texas law existing at the time of the incident in question.

15.     More specifically, Defendant's speed, driving his vehicle while intoxicated, lack

of attention, and recklessness in the operation of his motor vehicle at the time of the incident in

question was such an act of carelessness and recklessness that it resulted in the collision with

Plaintiff.

16.     Such gross negligence and entire want of care for the safety and welfare of others

amounts to conscious disregard for the safety and welfare of others on the roadway and is gross

negligence and/or malice as that term is known and defined by Texas law.

17.     Furthermore, such gross negligence and/or malice gives rise to Defendant's

liability to Plaintiff for exemplary/punitive damages, which Plaintiff prays for herein.

## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST
## BATTEN & SHAW, INC.

18.     Defendant Batten & Shaw, Inc. had a duty to exercise the degree of care that a

reasonably careful person would use to avoid harm to others under circumstances similar to those

described herein.

19.      The negligent, careless and reckless disregard of duty of said Defendant consisted

of, but is not limited to, the following acts and omissions:



A.    In that Defendant negligently entrusted a vehicle to a reckless driver.

B.    Plaintiff pleads that Defendant negligently entrusted a vehicle to a known unsafe, unlicensed, or incompetent driver.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST BATTEN & SHAW, INC.

20.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was within the course and scope of employment for Defendant, Batten & Shaw, Inc.

21.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was engaged in the furtherance of Defendant Batten & Shaw, Inc.

22.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was engaged in accomplishing a task for which Batten & Shaw, Inc. was employed.

23.    Plaintiff invokes the doctrine of *Respondeat Superior* against Batten & Shaw, Inc.

## DAMAGES FOR PLAINTIFF FLORA ZARATE

24.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Flora Zarate was caused to suffer injuries to her head, neck, back, and her body in general, and to incur the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services Dallas County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;



C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Mental anguish in the past;

F.    Mental anguish in the future;

G.    Physical impairment in the past;

H.    Physical impairment in the future;

I.    Lost wages in the past;

J.    Lost earning capacity in the past & future;

K.    Exemplary/punitive damages as alleged herein.

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material as set forth in Texas Rules of Civil Procedure 194.2 (a)-(l). A response to a request under Rule 194.2 is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

18.    Billing records for the month of August 2011, which includes the date of August 31, 2011, for each cellular telephone owned or operated by you at the time of the collision made the basis of this suit.

19.    Defendant's complete driving record for the 10 years preceding the incident made the basis of this suit, or an executed authorization allowing Plaintiffs or his counsel to obtain such documents.

20.    For each consulting expert whose work product or opinions have been reviewed or relied upon by a testifying expert in this case, please produce all documents reflecting the expert's name, address and telephone number and the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, the expert's current resume and bibliography, and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in connection with this case.

21.    Documents sufficient to identify each claim made against Defendant in the State of Texas in the last ten years that are similar to the claims made by Plaintiffs, i.e. where an individual is alleged to have been injured or damaged as a result of Defendant's negligent operation of a motor vehicle.

22.    If Defendant was acting in the course and scope of employment with any person or entity at the time of the collision in question, all personnel records of Defendant for the ten year period preceding the incident in question through the present date including all incident and accident reports contained in Defendant's employer's files.

23.    Copies of all procedures or manuals used in evaluation of Plaintiffs claim used by Defendant, his employees, agents, or representatives, made the basis of this lawsuit.

24.    Produce a full and complete certified copy of all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

25.    Produce a full and complete certified declaration page for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

26.    Produce a full and complete copy of all applications for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

NO. _____

| | | |
|---|---|---|
| FLORA ZARATE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| NICHOLAS CONDER; | § | |
| BATTEN & SHAW, INC. | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND**
**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS**
**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANTS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Flora Zarate, (hereinafter called "Plaintiff"), complaining of and about

Nicholas Conder and Batten & Shaw, Inc., Defendants, (hereinafter called "Defendants"), and for

cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.     Pursuant to Texas Rule of Civil Procedures Rule 47, Plaintiff seeks monetary

relief over $100,000 but not more then $200,000.  Therefore, Plaintiff intends that discovery be

conducted under Discovery Level 2.  Accordingly Plaintiff's Request for Disclosure to

Defendants, Plaintiff's Interrogatories to Defendants, and Plaintiff's Request for Production to

Defendants are attached.

## PARTIES AND SERVICE

2.      Plaintiff Flora Zarate is an individual who resides in Dallas County, Texas. Plaintiff Flora Zarate' last three digits of her social security number is 227. The last three digits of her Texas driver's license number is 111.

3.      Defendant Nicholas Conder is a resident of the State of Colorado and may be served with process at 8831 Apache Plume Drive, Parker, Colorado, 80134, Pursuant to Section 17.062 of the Texas Civil Practices and Remedies Code, the Chair of the Texas Transportation Commission, Ted Houghton, is an agent of process for Defendant Nicholas Conder because this suit arises from a collision in which Defendant Nicholas Conder was operating a motor vehicle on the public roads of the State of Texas.

4.      Defendant Batten & Shaw, Inc., is foreign corporation organized and existing under the laws of the State of Texas. Plaintiff is suing Batten & Shaw, Inc., in it's common name pursuant to Texas Rules of Civil Procedure 28. Batten & Shaw, Inc. may be served with process, via private process on it's registered agent Corporation Service company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Venue in Dallas County is proper because that is where the accident occurred.

## MISNOMER/ALTER-EGO

8.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.


## FACTS

9.     On or about August 31, 2011 Plaintiff Flora Zarate was driving a vehicle southbound on Preston Road, Dallas, Dallas County, Texas. Defendant Nicholas Conder, while in the scope of employment of Defendant Batten & Shaw, Inc., was driving a vehicle owned by Defendant Batten & Shaw, Inc., and was driving a vehicle behind Plaintiff. Plaintiff was stopped at a red light when Defendant Nicholas Conder, who had been drinking alcohol, and was driving without a valid driver's license, failed to control his speed and pay proper attention, failed to timely apply his brakes, and collided into the rear of Plaintiff's vehicle. Defendants' negligence was the sole and proximate cause of the accident subject of this suit and Plaintiff's damages.

## PLAINTIFF'S CLAIMS OF NEGLIGENCE
## AGAINST NICHOLAS CONDER

10.     Defendant Nicholas Conder had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11.     Plaintiff's injuries were proximately caused by said Defendant's negligent, careless and reckless disregard of said duty.

12.     The negligent, careless and reckless disregard of duty of said Defendant consisted of, but is not limited to, the following acts and omissions:

    A.    In that said Defendant failed to take proper evasive action;

    B.    In that said Defendant failed to keep such distance away from other motor vehicles on the roadway as a person using ordinary prudent care would have done;

C.   In that said Defendant failed to control his vehicle as an ordinary person would have done in this circumstance so as to avoid colliding into other vehicles on the roadway;

D.   In that said Defendant failed to control his speed and pay proper attention;

E.   In that said Defendant was driving a vehicle without a valid driver's license;

F.   In that said Defendant was operating a vehicle while intoxicated and/or was under the influence of alcohol or a controlled substance; and

F.   In that said Defendant failed to timely apply his brakes.

### NEGLIGENCE PER SE

13.   At the time of the incident in question, and immediately prior thereto, Defendant had a duty to comply with that standard of care set forth by Texas Penal Code §49.04.  Plaintiff would show that the conduct of Defendant constitutes a violation of Sections 49.07 and 49.08 of the Texas Penal Code.  The conduct of Defendant also violated various provisions of the Texas Transportation Code including, but not limited to, the following: §545.401(a), and Defendant failed to exercise the mandatory standard of care in violation of Transportation Code, Sections 545.401(a) and the Texas Penal Code Sections 49.04(a) and 49.07 pursuant to the doctrine of *negligence per se*, which mandates that:

§545.401(a)   A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

§49.04(a)   A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

§49.07   A person commits an offense if the person, by accident or mistake while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

### PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE
### AGAINST DEFENDANT NICHOLAS CONDER

14.     Plaintiff also claims that Defendant, Nicholas Conder is guilty of gross

negligence and/or malice pursuant to Texas law existing at the time of the incident in question.

15.     More specifically, Defendant's speed, driving his vehicle while intoxicated, lack

of attention, and recklessness in the operation of his motor vehicle at the time of the incident in

question was such an act of carelessness and recklessness that it resulted in the collision with

Plaintiff.

16.     Such gross negligence and entire want of care for the safety and welfare of others

amounts to conscious disregard for the safety and welfare of others on the roadway and is gross

negligence and/or malice as that term is known and defined by Texas law.

17.     Furthermore, such gross negligence and/or malice gives rise to Defendant's

liability to Plaintiff for exemplary/punitive damages, which Plaintiff prays for herein.

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST
### BATTEN & SHAW, INC.

18.     Defendant Batten & Shaw, Inc. had a duty to exercise the degree of care that a

reasonably careful person would use to avoid harm to others under circumstances similar to those

described herein.

19.     The negligent, careless and reckless disregard of duty of said Defendant consisted

of, but is not limited to, the following acts and omissions:

A.  In that Defendant negligently entrusted a vehicle to a reckless driver.

B.  Plaintiff pleads that Defendant negligently entrusted a vehicle to a known unsafe, unlicensed, or incompetent driver.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST BATTEN & SHAW, INC.

20.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was within the course and scope of employment for Defendant, Batten & Shaw, Inc.

21.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was engaged in the furtherance of Defendant Batten & Shaw, Inc.

22.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nicholas Conder was engaged in accomplishing a task for which Batten & Shaw, Inc. was employed.

23.  Plaintiff invokes the doctrine of *Respondeat Superior* against Batten & Shaw, Inc.

## DAMAGES FOR PLAINTIFF FLORA ZARATE

24.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Flora Zarate was caused to suffer injuries to her head, neck, back, and her body in general, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services Dallas County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;



C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Mental anguish in the past;

F.      Mental anguish in the future;

G.      Physical impairment in the past;

H.      Physical impairment in the future;

I.      Lost wages in the past;

J.      Lost earning capacity in the past & future;

K.      Exemplary/punitive damages as alleged herein.

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material as set forth in Texas Rules of Civil Procedure 194.2 (a)-(l). A response to a request under Rule 194.2 is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

"DEFENDANTS" **NICHOLAS CONDER AND BATTEN & SHAW, INC.,** (hereinafter called "Defendant") pursuant to Rule 196 of the Texas Rules of Civil Procedure, are requested to respond to Plaintiffs' attorneys, (as undersigned below) on or before 50 days after service of this original petition and first requests for production, the following documents and things:

Defendants are hereby requested to produce originals or true, correct, complete, legible and unaltered copies of the following items:

1.  The front and back of your driver's license.

2.  The title to the vehicle you were driving at the time of the collision made the basis of this suit.

3.  Any and all photographs, slides, motion pictures, videotapes and other films that Defendant has of the vehicles, parties or scene in question following the collision made the basis of this suit.

4.  All records of any type indicating that there were any mechanical or cosmetic problems or repairs concerning the vehicles involved in the collision in question during the twelve months preceding the collision.

5.  Any and all accident or incident reports prepared in connection with the incident in question.

6.  All exhibits Defendant will introduce at trial.

7.  All records obtained from claims reporting services, including but not limited to the Southwest Index Bureau (SWIB) and Choicepoint Consumer Center (CLUE), regarding the Plaintiffs.

8.  Any and all records obtained from past or present employers of Plaintiff for use in this litigation.

9.  The Defendant's claim file(s) relative to the claim made the basis of this suit, prepared and compiled up to the date this suit was filed in this Court, including but not limited to all notes, records, entries, documents, memos, correspondence, photographs, videotapes, and written information contained therein.



10.   All documents which Defendant may use under Texas Rules of Evidence to impeach testimony given by Plaintiffs or other witnesses in this case.

11.   All documents reflecting medical reviews or audits conducted on Plaintiff's medical treatment or expenses, including correspondence between defendant and/or his insurance company and counsel and medical review personnel.

12.   All accident reconstruction reports prepared by or for Defendant in connection with the collision made the basis of this suit.

13.   Any and all repair estimates concerning repairs to the vehicles involved in the collision made the basis of this lawsuit for damages sustained in the collision in question.

14.   Documentation of any property damage or personal property damage payment(s) made to Plaintiffs or Defendant in connection with the collision made the basis of this suit.

15.   Documents reflecting the disposition of any traffic citation you received in connection with the collision made the basis of this suit.

16.   Documents sufficient to identify the charge and resolution of any of your criminal convictions for felony offenses or crimes involving moral turpitude within the past ten years.

17.   Documents sufficient to identify and describe any corrective lenses used by you or prescribed for you at the time of the collision made the basis of this suit.

18.   Billing records for the month of August 2011, which includes the date of August 31, 2011, for each cellular telephone owned or operated by you at the time of the collision made the basis of this suit.

19.   Defendant's complete driving record for the 10 years preceding the incident made the basis of this suit, or an executed authorization allowing Plaintiffs or his counsel to obtain such documents.

20.   For each consulting expert whose work product or opinions have been reviewed or relied upon by a testifying expert in this case, please produce all documents reflecting the expert's name, address and telephone number and the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, the expert's current resume and bibliography, and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in connection with this case.



21.     Documents sufficient to identify each claim made against Defendant in the State of Texas in the last ten years that are similar to the claims made by Plaintiffs, i.e. where an individual is alleged to have been injured or damaged as a result of Defendant's negligent operation of a motor vehicle.

22.     If Defendant was acting in the course and scope of employment with any person or entity at the time of the collision in question, all personnel records of Defendant for the ten year period preceding the incident in question through the present date including all incident and accident reports contained in Defendant's employer's files.

23.     Copies of all procedures or manuals used in evaluation of Plaintiffs claim used by Defendant, his employees, agents, or representatives, made the basis of this lawsuit.

24.     Produce a full and complete certified copy of all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

25.     Produce a full and complete certified declaration page for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

26.     Produce a full and complete copy of all applications for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

27.     Produce a full and complete certified copy of all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

28.     Produce a full and complete certified declaration page for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

29     Produce a full and complete copy of all applications for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.


30.     Produce a full and complete certified copy(s) of any and all insurance agreements and/or policies, including, but not limited to, primary, umbrella, personal umbrella, excess, secondary policies (and including all endorsements, schedules and amendments) applicable to the date, incident or claims in question (regardless of whether on a claims made or occurrence basis) potentially obligating any insurance company(s) to pay a potential judgment in this case for the claims asserted against the Defendant.

31.     In the event the claims upon which the lawsuit is based are being handled by any insurance carrier under a reservation of rights, please produce a full and complete copy of all communications to and from the carrier(s) concerning any and all such reservations.

32.     In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims that have caused any reduction of such aggregates.

33.     In the event the pertinent policies are "wasting" policies (for example, the payment by the insurance carrier of the defense attorney's fees and costs and expenses reduce the available liability policy limits), please produce a copy of any and all documents, invoices, receipts and canceled checks relevant to the payment of such defense litigation costs and expenses that have caused any reduction of such liability policy limits.

34.     Full and complete copies of any and all documents and records concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

35.     Full and complete copies of any and all medical records and information concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

36.     Full and complete copies of any and all medical bills concerning the Plaintiffs that were obtained by and/or in the possession of Defendant from any source.

37.     Full and complete copies of any and all depositions on written questions including all exhibits, records and documents and things attached thereto from any person, company, entity, or source obtained by and/or in the possession of Defendant from any source concerning any issue or party or witness or potential witness in this case.

38.     Full and complete copies of any and all employment records and documents concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

 
39.  Full and complete copies of any and all medical information and/or records and/or documentation, including but not limited to medical records, medical expenses, x-rays or any other diagnostic test, employment records, criminal records, social security records, divorce/family law related records, educational records, unemployment records, disability records, health insurance records and/or any other insurance records or information, concerning the Plaintiffs that were obtained by and/or in the possession of Defendant through deposition, deposition on written questions, subpoena, court order, authorization or any other source.

## INTERROGATORIES

TO:  "DEFENDANTS"

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiffs serve the attached interrogatories to be propounded to Defendants **NICHOLAS CONDER AND BATTEN & SHAW, INC.**  You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure. Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

### INTERROGATORY NO. 1:

Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER:**

### INTERROGATORY NO. 2:

Please give the name, address and telephone number of 1) the operator and 2) the owner of the motor vehicle which was involved in the collision made the basis of this lawsuit?

**ANSWER**:

**INTERROGATORY NO. 3:**

Please state whether or not any insurer has denied you coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

**ANSWER**:

**INTERROGATORY NO. 4:**

Please state the amount of liability coverage on the vehicle which you owned or were driving at the time of the accident subject of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**

List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

**INTERROGATORY NO. 6:**

For any consulting experts whose mental impressions and opinions have been reviewed by a testifying expert, please state or provide all the discovery authorized by Rule 192.3(e). A complete answer will include a list of all witness fees paid within the past five years.

**ANSWER:**


**INTERROGATORY NO. 7:**

Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident?  If yes, then please indicate your willingness to allow Plaintiffs to inspect and copy or photograph the same.

    **ANSWER:**


**INTERROGATORY NO. 8:**

Please state completely and fully all representations, statements, declarations or admissions made by any Plaintiff herein or any agent, servant or employee of Plaintiff(s). Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

    **ANSWER:**


**INTERROGATORY NO. 9:**

Please identify (by title, author, editor, edition, publisher, date of publication, section, portion, and page) every published treatises, periodical, or pamphlet on a subject of history, medicine, or other science or art that you may offer to use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

    **ANSWER:**


**INTERROGATORY NO. 10:**

Do you contend that any personal injuries or damages sustained by any  Plaintiff herein was caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case?  If so, describe in detail such other occurrence, disease, injury or condition.

    **ANSWER:**

**INTERROGATORY NO. 11:**

Do you contend that any Plaintiff herein or third party violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation or give the statute number of the violation.

**ANSWER:**

**INTERROGATORY NO. 12:**

If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of any Plaintiff or Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:**

If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

**ANSWER:**

**INTERROGATORY NO. 14:**

Do you intend to attempt to impeach any Plaintiff herein, or any employee, agent, representative, attorney or any other natural person or business or legal entity associated in any way with or acting or purporting to act for or on behalf of any Plaintiff herein, with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

**ANSWER:**

**INTERROGATORY NO. 15:**

State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER:**

**INTERROGATORY NO. 16:**

Please state where Defendant had been just prior to the collision, where Defendant was going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 17:**

Please state any and all traffic violations Defendant has had in the ten (10) years preceding this collision. Please indicate if Defendant had his driving license revoked due to any of these violations and the period of time his license was revoked.

**ANSWER:**

**INTERROGATORY NO. 18:**

Please state whether Defendant has had any other motor vehicle accidents in the past ten (10) years. If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER:**

**INTERROGATORY NO. 19:**

Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred. Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident. On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 20:**

Please indicate the speed or estimated speed that the vehicles were traveling at the time of the incident, including your speed at the time of the impact, and if you contend you applied your brakes prior to impact, and what speed you were traveling prior to applying your brakes.

**ANSWER**:

**INTERROGATORY NO. 21:**

Describe any defect that you believe, or have reason to believe, was present in the road or in the marking or signage on the road that either caused or contributed to the collision in question.

**ANSWER**:

**INTERROGATORY NO. 22:**

Describe any belief that you may hold that the weather or a weather condition was a factor or contributed in any way to the collision in question.

**ANSWER**:

**INTERROGATORY NO. 23:**

Where you in the course and scope of your employment at the time of the accident? If so, state the full name, telephone number, address and your immediate supervisor for your employer and indicate if you hold or held any ownership interest in this business.

**ANSWER**:

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Flora Zarate respectfully prays

that Defendants Nicholas Conder and Batten & Shaw, Inc. be cited to appear and answer herein,

and that upon a final hearing of the cause, judgment be entered for the Plaintiff against

Defendants for damages consistent in keeping with this pleading; together with pre-judgment

interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of

court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

DAVID S. KOHM & ASSOCIATES
1414 W. Randol Mill Road, Suite 118
Arlington, Texas 76012
(817) 861-8400 - Telephone
(817) 861-8900 - Fax

By:_____
    David S. Kohm
    State Bar No. 11658563
    John M. Groce, Jr.
    State Bar No. 00793860

ATTORNEYS FOR PLAINTIFF

Legal Document Management
3010 LBJ Freeway, Suite1200
Dallas, TX 75234



7012 3050 0002 1964 1254



FIRST CLASS

CORPORATION SERVICE COMPANY
211 E. 7TH ST. #620
AUSTIN, TX 78701



**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

| | |
|---|---|

To:    **BATTEN & SHAW INC ITS REGISTERED AGENT CORPORATION SERVICE**
       **COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY**
       **211 E. 7TH ST STE 620**
       **AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the
clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FLORA ZARATE**

Filed in said Court **24th day of May, 2013** against

**NICHOLAS CONDER, ETAL**

For Suit, said suit being numbered **DC-13-05741**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **DISCOVERY ATTACHED**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas

      By _____ , Deputy
            EVETTE LAMB

---

**ATTY**

## CITATION

**DC-13-05741**

**FLORA ZARATE**
vs.
**NICHOLAS CONDER, et al**

ISSUED THIS
**28th day of May, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: EVETTE LAMB, Deputy

**Attorney for Plaintiff**
DAVID S KOHM
DAVID S KOHM & ASSOCIATES
1414 W RANDOL MILL RD STE 118
ARLINGTON TX 76012
817-861-8400

## OFFICER'S RETURN

Case No. : DC-13-05741

Court No.192nd District Court

Style: FLORA ZARATE

vs.

NICHOLAS CONDER, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ . | of _____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

**To:**   NICHOLAS CONDER
8831 APACHE PLUME DR
PARKER CO 80134

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being FLORA ZARATE

Filed in said Court 24th day of May, 2013 against

NICHOLAS CONDER, ETAL

For Suit, said suit being numbered DC-13-05741, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **DISCOVERY ATTACHED**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
EVETTE LAMB

---

**ATTY**

# CITATION

## DC-13-05741

FLORA ZARATE
vs.
NICHOLAS CONDER, et al

ISSUED THIS
28th day of May, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: EVETTE LAMB, Deputy

**Attorney for Plaintiff**
DAVID S KOHM
DAVID S KOHM & ASSOCIATES
1414 W RANDOL MILL RD STE 118
ARLINGTON TX 76012
817-861-8400

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

DISTRICT COURT OF DALLAS COUNTY, TEXAS

## OFFICER'S RETURN

Case No. : DC-13-05741

Court No.192nd District Court

Style: FLORA ZARATE

vs.

NICHOLAS CONDER, et al

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20___, by delivering to the within named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____

For mileage   $ _____   of _____ County, _____

For Notary   $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20___

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:**   BATTEN & SHAW INC ITS REGISTERED AGENT CORPORATION SERVICE
COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH ST STE 620
AUSTIN TX 78701-3218

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FLORA ZARATE**

Filed in said Court **24th day of May, 2013** against

**NICHOLAS CONDER, ETAL**

For Suit, said suit being numbered **DC-13-05741**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **DISCOVERY ATTACHED**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
        EVETTE LAMB

---

**ATTY**

## CITATION

## DC-13-05741

FLORA ZARATE
vs.
NICHOLAS CONDER, et al

ISSUED THIS
28th day of May, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: EVETTE LAMB, Deputy

**Attorney for Plaintiff**
DAVID S KOHM
DAVID S KOHM & ASSOCIATES
1414 W RANDOL MILL RD STE 118
ARLINGTON TX 76012
817-861-8400

**DALLAS COUNTY CONSTABLE**
FEES
PAID

FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-13-05741

Court No.192nd District Court

Style: FLORA ZARATE

vs.

NICHOLAS CONDER, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation      $ _____

For mileage                $ _____      of _____ County, _____

For Notary                 $ _____      By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

STYLED **Flora Zarate v. Nicholas Conder, et al**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: |
|---|---|
| David S. Kohm & Associates | lawfirm@attorneykohm.com |
| Address: | Telephone: |
| 1414 W. Randol Mill Rd., Ste. 120 | (817) 861-8400 |
| City/State/Zip: | Fax: |
| Arlington, Texas 76012 | (817) 861-8900 |
| Signature: | State Bar No: |
|  | 11658563 |

### Names of parties in case:

Plaintiff(s)/Petitioner(s):

**Flora Zarate**

Defendant(s)/Respondent(s):

**Nicholas Conder; Batten & Shaw, INC**

[Attach additional page as necessary to list all parties]

### Person or entity completing case information sheet is:
☑ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

**Additional Parties in Child Support Case:**

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

#### Contract

**Debt/Contract**
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

**Foreclosure**
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

#### Injury or Damage

☐ Assault/Battery
☐ Construction
☐ Defamation
**Malpractice**
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☑ Motor Vehicle Accident
☐ Premises
**Product Liability**
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

#### Real Property

☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

#### Related to Criminal Matters

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

#### Employment

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

#### Other Civil

☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Family Law

#### Marriage Relationship
☐ Annulment
☐ Declare Marriage Void
**Divorce**
☐ With Children
☐ No Children

#### Other Family Law
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

#### Post-judgment Actions (non-Title IV-D)
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

#### Title IV-D
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

#### Parent-Child Relationship
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

**Probate/Wills/Intestate Administration**
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev

FILED

13 JUN 11 AM 11:13

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:  NICHOLAS CONDER
     8831 APACHE PLUME DR
     PARKER CO 80134

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FLORA ZARATE**

Filed in said Court **24th day of May, 2013** against

**NICHOLAS CONDER, ETAL**

For Suit, said suit being numbered **DC-13-05741**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **DISCOVERY ATTACHED,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____          _____, Deputy
         EVETTE LAMB

---

ATTY

# CITATION

## DC-13-05741

FLORA ZARATE
vs.
NICHOLAS CONDER, et al

ISSUED THIS
28th day of May, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: EVETTE LAMB, Deputy

**Attorney for Plaintiff**
DAVID S KOHM
DAVID S KOHM & ASSOCIATES
1414 W RANDOL MILL RD STE 118
ARLINGTON TX 76012
817-861-8400

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

FILED

JUN 11 2013

GARY FITZSIMMONS, TEXAS
DIST. CLERK DALLAS CO., TEXAS
_____ DEPUTY

## OFFICER'S RETURN

Case No.: DC-13-05741

Court No.192nd District Court

Style: FLORA ZARATE

vs.

NICHOLAS CONDER, et al

Came to hand on the _29_ day of _May_, 20 _13_, at _12:00_ o'clock _P_.M. Executed at _125 E. 11th St., Austin, TX 78701_

within the County of _Travis_, 20 _13_, by delivering to the within named

at _7:29_ o'clock _A_.M. on the _30_ day of _May_

_Nicholas Conder by serving Texas Transportation Commission_
_by certified mail 7012 3050 0002 1964 1230_

each ~~in person~~ a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $ _75_

For mileage $ _0_

For Notary $ _0_

_QUANG HA_ (Must be verified if served outside the State of Texas.)

of _Dallas_ County, _TX_

By _____ _10:555_ Deputy

Exp: 7/31/14

Signed and sworn to by the said _QUANG HA_ before me this _10th_ day of _June_, 20 _13_

to certify which witness my hand and seal of office.

Notary Public _Denton_ County _TX_



SEAN CHARLES HOLLENBECK
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 09-02-17

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NICHOLAS CONDER C/O
TEXAS TRANSPORTATION COMMISSION
ATTN: TED HOUGHTON, CHAIR
125 E. 11TH ST,
AUSTIN, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Christopher Sustaita_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Christopher Sustaita   MAY 30 2013

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7012 3050 0002 1964 1230

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To: BATTEN & SHAW INC ITS REGISTERED AGENT CORPORATION SERVICE
COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH ST STE 620
AUSTIN TX 78701-3218

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the
clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FLORA ZARATE**

Filed in said Court **24th day of May, 2013** against

**NICHOLAS CONDER, ETAL**

For Suit, said suit being numbered **DC-13-05741**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **DISCOVERY ATTACHED**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
      EVETTE LAMB

---

**FILED**

'13 JUN 11 AM 11:13

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

---

## CITATION

**DC-13-05741**

FLORA ZARATE
vs.
NICHOLAS CONDER, et al

ISSUED THIS
28th day of May, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: EVETTE LAMB, Deputy

**Attorney for Plaintiff**
DAVID S KOHM
DAVID S KOHM & ASSOCIATES
1414 W RANDOL MILL RD STE 118
ARLINGTON TX 76012
817-861-8400

---

**ATTY**

**DALLAS COUNTY CONSTABLE**
FEES
PAID

FEES NOT
PAID

FILED
JUN 11 2013
GARY FITZSIMMONS, TEXAS
DIST. CLERK DALLAS CO. DEPUTY

**OFFICER'S RETURN**

Case No. : DC-13-05741

Court No.192nd District Court

Style: FLORA ZARATE

vs.

NICHOLAS CONDER, et al

Came to hand on the _____28_____ day of ____May____, 20 _13_, at _12:00_ o'clock _P_ M. Executed at _211 E. 7th St. #620, Austin, TX 78701_

within the County of ___Travis___ at _4:53_ o'clock _a_ M. on the _31_ day of ___May___

20 _13_ _____ by delivering to the within named

_Batten & Shaw Inc by serving registered agent Corporation Service Company_

_by certified mail 7012 3050 0002 1964 1254_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation    $ _175_

For mileage                $ _0_

For Notary                 $ _0_

Signed and sworn to by the said _QUANG HA_

to certify which witness my hand and seal of office.

of ___Dallas___ County, ___TX___
ID: 555
By _____ Exp:7/31/14 Deputy

(Must be verified if served outside the State of Texas.)

before me this _10th_ day of ___JUNE___, 20 _13_

Notary Public _____ ___DENTON___ County ___TX___



SEAN CHARLES HOLLENBECK
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
09-02-17

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _SA Vertrees_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SA Vertrees                      5 3 13

1. Article Addressed to:

BATTEN & SHAW INC
C/O CORPORATION SERVICE COMPANY
211 E. 7TH ST. #620
AUSTIN, TX 78701

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 3050 0002 1964 1254

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Filed
13 June 14 P2:49
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-13-05741

| | | |
|---|---|---|
| FLORA ZARATE, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 192ND JUDICIAL DISTRICT |
| | § | |
| NICHOLAS CONDER AND BATTEN | § | |
| & SHAW, INC., | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Nicholas Conder and Batten & Shaw, Inc., Defendants in the above-entitled and numbered cause, and in response to Plaintiff's Original Petition state to the Court and jury the following:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants enter this General Denial, and Defendants deny generally, each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants having fully answered herein, pray that Plaintiff take nothing by reason of this suit, that Defendants go hence without day and recover costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully Submitted,

DAVID KLOSTERBOER & ASSOCIATES

_____
VIONETTE DELGADO
Texas Bar No. 24012546
1301 E. Collins Blvd., Suite 490
Richardson, TX 75081
Direct Telephone: 214-570-6296
Main Telephone: 214-570-6300
Facsimile: 214-570-6262

ATTORNEYS FOR DEFENDANTS
NICHOLAS CONDER AND BATTEN &
SHAW, INC.

## CERTIFICATE OF SERVICE

This is to certify that, on this the 14th day of June, 2013, a true and correct copy of the

foregoing document was forwarded to all counsel of record as follows:

David S. Kohm                         _____ Hand Delivery
David S. Kohm & Associates            __✓__ Facsimile
1414 W. Randol Mill Road, Suite 118   _____ Certified Mail, Return Receipt Requested
Arlington, Texas 76012                _____ Receipted Commercial Delivery
*Facsimile   817-861-8900*            _____ Regular U.S. Mail

*Attorney for Plaintiff,*
*Flora Zarate*

_____
Vionette Delgado

## DAVID KLOSTERBOER & ASSOCIATES
1301 E. COLLINS BLVD., SUITE 490
RICHARDSON, TEXAS 75081

**VIONETTE DELGADO**
ATTORNEY AT LAW
vdelgado@travelers.com

*Not a Partnership or Professional Corporation.*
*All attorneys are Employees of The Travelers*
*Indemnity Company*
*And its Property Casualty Affiliates*

DIRECT TEL: (214) 570-6296
MAIN TEL: (214) 570-6300
FACSIMILE: (214) 570-6262

June 14, 2013

*Via E-Filing*
Clerk of the Court
192nd Judicial District Court
600 Commerce Street, Suite 101
Dallas, Texas 75202

Re:    Cause No. DC-13-05741
       *Flora Zarate v. Nicholas Conder; Batten & Shaw, Inc.*
       In the 192nd Judicial District Court of Dallas County, Texas
       Our File No. 2013040481

Dear Clerk:

Enclosed for filing please find *Defendants' Original Answer.* Please file this pleading with the Court's papers in this matter and return a file-marked copy to my office via our e-filing service.

By copy of this correspondence, I am forwarding same to all counsel of record.

Thank you for your assistance in this regard.

Very truly yours,

Vionette Delgado

VDD/clf
Enclosure

cc:    *Via Facsimile: 817-861-8900*
       David S. Kohm
       David S. Kohm & Associates
       1414 W. Randol Mill Road, Suite 118
       Arlington, Texas 76012

690962

DC-13-05741

| | § | IN THE DISTRICT COURT |
|---|---|---|
| FLORA ZARATE | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| NICHOLAS CONDER, et al | § | |
| | § | 192nd JUDICIAL DISTRICT |
| | § | |

## MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code **J STEPHEN HUNNICUTT @ Work: 214-361-6740, Fax: 214-691-5099** is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within 7 days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within 10 days from the date of receipt of this Order; an objection that is neither timely filed nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement. Counsel, the parties and the mediator shall agree upon a mediation date within 20 days from the date of this order. If no date can be agreed upon within the 20 day period, the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

The date scheduled by the mediator is incorporated in this Order as the date upon which the mediation shall occur. In any event, the mediation shall be conducted no later than May 02, 2014.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for nor a cause for delay of trial, and the case will be tried if not settled.

A report regarding the outcome of the mediation session is to be mailed by the mediator to the court, with a copy to the ADR Coordinator, immediately after the mediation session.

Signed June 19, 2013

_____
JUDGE PRESIDING

cc: Counsel of Record
    Mediator

## RULES FOR MEDIATION

1. Definition of Mediation. Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. Conditions Precedent to Serving a Mediator. The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

3. Authority of Mediator. The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

4. Parties Responsible for Negotiating Their Own Settlement. The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

5. Authority of Representatives. Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

6. Time and Place of Mediation. The mediator shall fix the time of each mediation session. The mediation shall be held at the office of the mediator or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

7. Identification of Matters in Dispute. Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

8. Privacy. Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

9. Confidentiality. Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

10. No Stenographic Record. There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

11. No Service of Process At or Near The Site of The Mediation Session. No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

12. Termination of Mediation. The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

13. Interpretation and Application of Rules. The mediator shall interpret and apply these rules.

14. Fees and Expenses. The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

000971



192nd District Court
George L Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas 75202-4627

Chambers of Judge Craig Smith

## PRE-TRIAL ORDER

DC-13-05741

FLORA ZARATE
vs.
NICHOLAS CONDER, et al

This case is set for Non-Jury Trial on June 02, 2014 @ 9:00 A.M.

This date was chosen because it seems realistic based on the information on file. You should consider this to be a final setting and be prepared to go to trial.

Alternative Dispute Resolution ("ADR") by Mediation is to be accomplished according to the existing ADR Order.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Trial announcements must be made in accordance with Rule 3.02 et seq., Dallas Civil Court Rules.

No dispositive motions will be heard within 30 days of the trial date. Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

Signed June 19, 2013

_____
DISTRICT JUDGE

**United States District Court**
**Northern District of Texas**

RECEIVED

JUN 2 6 2013

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed From State Court

# 3-13CV-2437D

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | **Court** | **Case Number** |
   |-----------|-----------------|
   | 192nd Judicial District Court of Dallas County | DC-13-05741 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | **Party and Party Type** | **Attorney(s)** |
   |--------------------------|-----------------|
   | Flora Zarate (Plaintiff) | David S. Kohm<br>Texas Bar No. 11658563<br>John M. Groce, Jr.<br>Texas Bar No. 00793860<br>David S. Kohm & Associates<br>1414 W. Randol Mill Road, Suite 118<br>Arlington, Texas 76012<br>(817) 861-8400 – Main<br>(817) 861-8900 - Fax |
   | Nicholas Conder (Defendant) | Vionette D. Delgado<br>David Klosterboer & Associates<br>1301 E. Collins Blvd., Suite 490<br>Richardson, Texas 75081<br>(214) 570-6300 – Main<br>(214) 570-6296 – Direct<br>(214) 570-6262 – Fax<br>Texas Bar Number: 24012546 |

**Supplemental Civil Cover Sheet**
**Page 2**

Batten & Shaw, Inc. (Defendant)

Vionette D. Delgado
Texas Bar Number: 24012546
David Klosterboer & Associates
1301 E. Collins Blvd., Suite 490
Richardson, Texas 75081
(214) 570-6300 – Main
(214) 570-6296 – Direct
(214) 570-6262 – Fax

3.   **Jury Demand:**

Was a Jury Demand made in State Court?          _ Yes X No

If "*Yes*," by which party and on what date?

_____          _____
Party                                                                    Date

4.   **Answer:**

Was an Answer made in State Court?          X Yes_ No

If "*Yes*," by which party and on what date?

Defendants Nicholas Conder and
Batten & Shaw, Inc.                                       06/14/2013
Party                                                            Date

5.   **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                              **Reason(s) for No Service**

Not applicable

6.   **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                              **Reason**

Not applicable

**Supplemental Civil Cover Sheet**
**Page 3**

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| <u>Party</u> | <u>Claim(s)</u> |
|---|---|
| Plaintiff | Automobile Accident. |
| | Alleges negligence. |
| | Alleges negligence per se. |
| | Alleges gross negligence. |
| | Alleges negligent entrustment. |
| | Alleges Respondeat Superior. |

JS 44 (Rev. 09/11)

**RECEIVED**

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**3 - 1 3 C V - 2 4 3 7 D**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>FLORA ZARA | **DEFENDANTS**<br>NICHOLAS CONDER; BATTEN & SHAW |
| **(b)** County of Residence of First Listed Plaintiff  Dallas County, TX<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Douglas County, CO<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>David S. Kohm, John M. Groce, Jr., DAVID S. KOHM & ASSOCIATES,<br>1414 W. Randol Mill Road, Suite 118, Arlington, TX 76012; (817)<br>861-8400 | Attorneys *(If Known)*<br>Vionette D. Delgado, DAVID KLOSTERBOER & ASSOCIATES, 1301<br>E. Collins Blvd., Suite 490, Richardson, TX 75081; (214) 570-6300 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | **BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)
Brief description of cause:
Motor vehicle accident causing injuries

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 200,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions):*   JUDGE ____   DOCKET NUMBER ____

DATE  06/26/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ VIONETTE D. DELGADO

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

## DAVID KLOSTERBOER & ASSOCIATES
1301 E. COLLINS BLVD., SUITE 490
RICHARDSON, TEXAS 75081

**VIONETTE DELGADO**
ATTORNEY AT LAW
*vdelgado@travelers.com*

*Not a Partnership or Professional Corporation.*
*All attorneys are Employees of The Travelers*
*Indemnity Company*
*And its Property Casualty Affiliates*

DIRECT TEL:  (214) 570-6296
MAIN TEL:  (214) 570-6300
FACSIMILE:  (214) 570-6262

3-13CV-2437D

RECEIVED
JUN 26 2013
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TO:
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**
**1100 COMMERCE STREET, ROOM 1452**
**DALLAS, TX 75242**

Please file original plus one copy and have one copy file-stamped of the following attached documents:

- ➢ Civil Cover Sheet;
- ➢ Supplemental Civil Cover Sheet;
- ➢ Defendants Nicholas Conder and Batten & Shaw, Inc.'s Notice of Removal;
- ➢ Certificate of Interested Parties.

A $400 check is also attached for the filing fee.

**Please return file-stamped copy to our office today.**

**Billing Information:**
Send Invoice to the attention of
Vionette Delgado
David Klosterboer & Associates
1301 E. Collins Blvd., Suite 490
Richardson, Texas 75081
     Claim No. 532 AB CMB5226 K

Should you have any questions, please contact Yvonne White at (214) 570-6299. Thank you.